UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
SANTA FE DIVISION

| | |
|---|---|
| TERESA Y. MARQUEZ,    Plaintiff,vs.HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY and TRIAD NATIONAL SECURITY, LLC WELFARE BENEFIT PLAN,    Defendants. | )))))))))))))) Case No.: 6:21-cv-977 |

# COMPLAINT

COMES NOW, the Plaintiff, Teresa Y. Marquez (the "Plaintiff" or "Ms. Marquez"), by and through the undersigned counsel, Matthew Richter, to file this Complaint against the Defendants, Hartford Life and Accident Insurance Company ("The Hartford") and Triad National Security, LLC Welfare Benefit Plan (the "Plan"), and as cause therefore states as follows:

## I. JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. §1132.

2. Ms. Marquez is a resident of El Rito, New Mexico, and a citizen of the State of New Mexico.

1

3. The Hartford is an insurance corporation with its principal place of business located in Connecticut, and is doing business in New Mexico.

4. The Hartford issued a group disability insurance policy (the "Policy") to Triad National Security, LLC.  In the Policy, Triad National Security, LLC is named as Plan Administrator. The Plan is a Welfare Benefit Plan providing Group Short Term Disability and Long Term Disability. In the Policy, Defendants promise to pay disability benefits to employees of Triad National Security, LLC if they are disabled from a sickness or injury.

5. As an employee of Triad National Security, LLC, Ms. Marquez is insured by the Policy.

6. The Policy is delivered in the District of New Mexico.

7. Venue in the District of New Mexico is appropriate by virtue of the Policy being delivered in this District and the group long term disability plan being administered in this District.

## II. FACTUAL ALLEGATIONS

8. As an employee of Triad National Security, LLC, Ms. Marquez worked as a professional staff assistant since 2009.

9. As of September 13, 2018, Ms. Marquez became disabled due to rheumatoid arthritis, as well as related chronic pain, chronic fatigue, major depressive disorder, and post-traumatic stress disorder (PTSD). At first, Ms. Marquez reduced her work hours from 40 per week to 20 hours per week in September of 2018.

10. On May 28, 2019, Ms. Marquez was forced to stop working altogether due to her disabling conditions.

11. When Ms. Marquez became disabled, she submitted claims to The Hartford for Short Term Disability benefits, Long Term Disability benefits, and Life Insurance Waiver of Premium coverage.

12. The Hartford reviewed her claim for short term disability benefits. In her application, she claimed a disability as of January 12, 2019. The Hartford initially denied her claim, as well as an appeal.

13. Subsequently, Ms. Marquez applied for long-term disability (LTD) benefits. In April 2020, The Hartford approved Ms. Marquez's claim for LTD benefits and retroactively paid her previously denied short term disability benefits for the entire duration (January 2019 to July 2019). Her LTD benefits started as of July 20, 2019.

14. The Hartford then issued two denial letters in the spring of 2020, including: 1) an April 21, 2020 adverse decision for Life Insurance Waiver of Premium (LWOP) coverage, 2) a May 8, 2020 adverse decision for LTD claim terminating benefits beyond May 8, 2020.

15. In its May 8, 2020 LTD denial letter, the Hartford claimed that Ms. Marquez does not meet the following definition of "Total Disability" found in its LTD Policy:

*"**Disability or Disabled** means You are prevented from performing one or more of the Essential Duties of:*

*1) Your Occupation during the Elimination Period;*
*2) Your Occupation, for the 12 months(s) following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings; and*
*3) after that, Any Occupation*

16. On September 25, 2020, Ms. Marquez appealed The Hartford's denial of LTD benefits and denial of LWOP coverage. In her appeal, she provided updated medical records from multiple treating providers (Dr. Lyle Amer, Dr. David Church, Dr. Neal Hermanowicz, Dr. Fei Gu, Dr. Glenda King, Christus St. Vincent Regional Pain and Spine Specialists,

3

    Dr. Ernest Santistevan, Linda Bennett, LMHC, and Damien Passalacqua, D.C.) proving that she has severe rheumatoid arthritis, chronic pain, chronic fatigue, major depressive disorder, and PTSD. Her treating rheumatologist, Dr. Amer, provided a detailed treating source statement and noted that not only does Ms. Marquez have the same work restrictions he previously found in July 2019, but that her condition has worsened. Dr. Amer concluded that Ms. Marquez's work restrictions are permanent. He stated that the cumulative effect of her different medical conditions is "that she cannot work." As part of her appeal, Ms. Marquez submitted additional evidence on November 13, 2020 (response to peer review reports, vocational consultant report), December 7, 2020, January 4, 2021, February 22, 2021 (notice that the Social Security Administration approved her disability claim), and March 12, 2021 (Notice of Award from the Social Security Administration finding disability).

17. In a letter dated March 23, 2021, The Hartford notified Ms. Marquez that her LTD benefits had been approved up to July 19, 2020, but no further LTD benefits would be paid beyond July 20, 2020. In its denial letter, the Hartford claims that Ms. Marquez is not "Disabled" from "Any Occupation" beginning July 20, 2020. In its denial letter, The Hartford advised that Ms. Marquez exhausted the appeal process, but has the right to file a civil action no later than March 23, 2024.

18. In a letter dated March 24, 2021, The Hartford notified Ms. Marquez that her LWOP appeal was denied. In its denial letter, The Hartford advised that Ms. Marquez exhausted the appeal process, but has the right to file a civil action no later than March 24, 2024.

19. Despite clear and supportive evidence of Ms. Marquez's disability from performing one or more of the essential duties of any gainful occupation, The Hartford refuses to pay Ms.

Marquez's LTD benefits beyond July 2020. The Hartford failed to consider the severity of Ms. Marquez's symptoms and based their medical opinions on contracted record-reviewing physicians and vocational consultants. The Hartford's denial of disability benefits and appeal denials result in an arbitrary and capricious determination of benefits. The Hartford's reliance on the review by its own employees or contracted reviewers unfairly biased its claims determination leading to a wrongful denial of benefits. As a result of the denial of benefits, Ms. Marquez continues to suffer from serious financial and emotional distress, in addition to her physically disabling conditions.

20. The Plan has failed to properly administer, review, and pay LTD and LWOP benefits as promised by the Policy.

### III. CLAIM FOR RELIEF

### WRONGFUL TERMINATION OF EMPLOYEE BENEFITS

21. Since January 12, 2019, Ms. Marquez has been and remains unable to perform one or more of the essential duties of her own occupation or any occupation.

22. Ms. Marquez provided the Defendants with ample medical evidence to verify her disability under the Policy.

23. The Defendants have intentionally and without reasonable justification denied Ms. Marquez's LTD and LWOP benefits in violation of the Policy and ERISA.

WHEREFORE, the Plaintiff, Teresa Y. Marquez, requests that this Honorable Court enter Judgment:

A. Finding that Plaintiff is entitled to past-due LTD benefits and ordering the Defendants to pay the past-due benefits.

B. Finding that Plaintiff is entitled to continuing LTD benefits and ordering the Defendants to pay future monthly benefits as they become due.

C. Finding that Plaintiff is entitled to ongoing coverage of Life Insurance Waiver of Premium benefits with life insurance coverage reinstated.

D. Awarding the Plaintiff interest on the amount of back benefits which remain unpaid.

E. Awarding the Plaintiff reasonable reimbursement for attorneys' fees and costs incurred as a result of the Defendants' wrongful denial of benefits.

F. Awarding all other relief as may be just and appropriate.

Respectfully Submitted,

Matthew Richter

  /s/ Matthew Richter_____

Keller & Keller, LLP
2850 N. Meridian St.
Indianapolis, IN 46208
MRichter@2Keller.com
(317) 926-1111
Fax: (317) 275-3008